UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| UNITED STATES | ) | |
|---|---|---|
| | ) | |
| | ) | CRIMINAL NO. |
| | ) | 10-10440-DPW-10 |
| v. | ) | |
| | ) | CIVIL ACTON NO. |
| RYAN MORRIS, | ) | 16-12349-DPW |
| | ) | |
| Defendant/Petitioner. | ) | |
| | ) | |

MEMORANDUM AND ORDER
July 12, 2018

At his Rule 11 hearing, the defendant pled guilty to drug charges and explicitly agreed to have me determine the drug quantity for purposes of sentencing. During his sentencing allocution, and immediately after testifying in his sentencing hearing testimony he had been involved with a quantity of drugs that had the effect of bringing a mandatory minimum sentence into play, the defendant proudly, eloquently, and forcefully explained:

> I know what I do and I know what I don't do. So, whenever Ryan Morris is being accused of something I don't agree to, your Honor, that's when I speak. It's my job to speak. I'm the best advocate for myself, and nobody, and I mean absolutely nobody, no prosecutor, no agents, no cops, can tell my story like me.

In the Motion now before me under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct the mandatory minimum sentence I imposed on him, the defendant contends that he should be relieved of the decisions he made in telling his story in response to the criminal accusation in this case.

The defendant offers two basic grounds for the instant motion. First, that he did not abandon his right to have a jury determine the drug weight.

Second, that his counsel provided ineffective assistance by letting him do so, by failing to advise him of his Fifth Amendment not to speak and by failing to pursue further examination to mitigate the defendant's testimony in telling his story of drug dealing during the sentencing hearing.

The record belies both grounds and, consequently, I will deny the Motion without convening a hearing. *See, e.g., Moreno-Morales* v. *United States*, 334 F.3d 140, 145 (1st Cir. 2003); *United States* v. *McGill*, 11 F.3d 223, 225 (1st Cir. 1993); *Barrett* v. *United States*, 965 F.2d 1184, 1186 (1st Cir. 1992).

First, the defendant's abandonment of a procedure by which a jury determines the drug weight was unequivocal. At the Rule 11 hearing, I specifically advised him through inquiry about his knowledge of the consequences of his guilty plea in this setting:

> THE COURT: You understand that by pleading guilty you are leaving it up to me to decide the amount of drugs involved and to decide what the penalty is going to be? If I take your plea of guilty and accept it and then I impose some sentence you do not like, you do not get to withdraw your plea of guilty. Do you understand that?

The defendant responded three times answering "Yes" to this question. He did so initially, after a pause, and then twice again when I pressed this inquiry in different ways to be sure he understood what he was agreeing to. This fully considered and advised choice to proceed by having a judge (not a jury) decide the drug weight was a knowing strategic decision to have a judge decide the drug weight. I recognize that the Supreme Court's supervening decision in *Alleyne* v. *United States,* 571 U.S. 99, 133 S.Ct. 2151 (2013), establishing a right to have a jury decide such an issue, may have provided the

2

defendant with an additional choice not available when his sentence occurred to have drug weight determined by a jury, even if he pled guilty to the core drug distribution offense. As the First Circuit made clear in the defendant's direct appeal, the Supreme Court's decision in *Alleyne* did not in this context, however, constitute cognizable error. *See United States* v. *Morris*, 784 F.3d 870 (1st Cir. 2015). Thus, there was no prejudice to defendant within the protocols for § 2255 motions.

Second, the record evidences no ineffectiveness by defense counsel of the type asserted by the defendant. The record is clear that the defendant made the choice to testify at the sentencing hearing in furtherance of his firmly held belief that "nobody . . . can tell my story like me." That this choice proved improvident is also clear, but it was the defendant's choice made after full opportunity to consult with his counsel. As the First Circuit observed, *Morris*, 784 F.3d at 874, the evidence of the defendant's culpability as measured by the drug weight with which he was involved was overwhelming. Even assuming that there was some ineffectiveness, there was no prejudice sufficient to justify relief in a collateral attack under § 2255.

The Clerk is directed to Dismiss this habeas corpus petition as to which I decline to provide a Certificate of Appealability.

*/s/ Douglas P. Woodlock*
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE

3